JOANNA HUSTON, Libellant, *vs.* STEPHEN HUSTON.

*Demurrer.   Divorce:—what are sufficient allegations in libel.   Pleading.*
*Practice.*

When the allegations in a libel for divorce are sufficient to give the court jurisdiction of the case, and to grant a divorce under its discretionary power, the libellee cannot avail himself of merely circumstantial omissions to defeat the libel by demurrer.

If, in such case, the libellee desires greater particularity of statement, he should move the court, at *nisi prius,* to order the libellant to furnish it.

ON EXCEPTIONS.

The respondent demurred to the libel for divorce given below. His demurrer was joined and overruled, and he excepted.

"To THE HONORABLE JUSTICE of the supreme judicial court, next to be holden at Portland, within and for the county of Cumberland, on the second Tuesday of April, A. D. 1874.

Respectfully represents Joanna Huston, wife of Stephen Huston, of Falmouth, in our county of Cumberland, that she was married to said Stephen by Rev. Sargent Shaw, in April, A. D. 1837. That for more than thirty years she and her said husband have lived together as man and wife in said Falmouth, where they have accumulated a fair property, though at the commencement her said husband was largely in debt, and where they have raised a large,

and she fondly hopes, a likely family of children. That she has at all times been true to all her married rites, vows and obligations, and has been to her said husband a true, chaste and faithful wife ; but her said husband, being wholly regardless of married vows and obligations, has from time to time during all these years, so conducted as to render her married life exceedingly unpleasant, and one of great hardship; but nothing sufficiently serious occurred to be mentioned now, until about thirteen years ago her said husband introduced into his and her house and family a certain English woman of loose, lewd and lascivious behaviour, and persisted in keeping her there until, forbearance ceasing to be a virtue, she, the said woman, was obliged to leave by the persuasion, or rather command, of the libellant ; since which time her said husband has treated her with extreme abuse and cruelty, has repeatedly called her a whore, and has denied the legitimacy of his children, has repeatedly threatened to kill her, and exhibited a razor for that purpose, has jammed her against the wall, and threatened to grind her to powder, has repeatedly wished her dead, has told her to leave his house, has put her out of bed, and she has been obliged to sleep with her daughter ; and there so sleeping, he has broken into the room and assaulted her. Being thus threatened, assailed and tormented, and being afraid longer to live with her said husband, and by the advice of her neighbors and children, she left her said husband's house on the eleventh day of August last past, and now resides with her sister.

Wherefore, believing it to be reasonable and proper, conducive to domestic harmony, and consistent with the peace and morality of society, she prays that the bonds of matrimony between her and her said husband, may be dissolved by this honorable court; and also that this honorable court will decree her such alimony out of her said husband's estate, as to right and justice may appertain. JOANNA HUSTON.

The demurrer was special, alleging the following causes of demurrer to the declaration; that is to say, that the place of

the marriage therein alleged between the libellant and libellee, is nowhere set forth; neither is it alleged in any part of said libel, that the Rev. Sargent Shaw, by whom the said marriage is alleged to have been performed, was at the time of the said marriage, authorized by lawful authority to solemnize marriages; neither is it in any part of said libel alleged that the said libellant and libellee were at any time lawfully married. That the allegations in said libel as follows, "where they have accumulated a fair property, though at the commencement her said husband was largely in debt, and where they have reared a large, and she fondly hopes, a likely family of children," are uncertain, informal, and insufficient as to the kind, value and location of property, the amount of debt, names and number of children, as well as to time. That the allegation in said libel contained commencing with the words, "but her said husband being wholly regardless," and ending with the words, "but nothing sufficiently serious to be mentioned now," is in all respects, uncertain, informal, inconsistent, contradictory, evasive, repugnant and insufficient. That the said libel sets out as ground of divorce, the introduction into his family, by the libellee, of a certain person styled in the language of said libel, " a certain English woman," but does not set out the name of said person, neither that the name of said person is unknown to the libellant. That no time is alleged at which the various acts of cruelty and abuse, alleged to have been committed by the libellee, were committed; and that there is no certainty whatever as to the time of the commission of the said alleged acts of cruelty and abuse, other than that they were committed at some time within the space of about thirteen years last past; so that it does not appear but what if any such alleged acts of cruelty and abuse on the part of the libellee have been committed, they may have all been long since condoned by said libellant; and so that it is impossible for the said libellee to answer or to prepare his defence to the said libel, from the vagueness and uncertainty of time of the commission of the said alleged acts of cruelty and abuse. That no place whatever is alleged at which the said alleged acts of cruelty and abuse,

alleged to have been committed by the libellee, were committed. That no jurisdiction is, in any part of said libel, alleged or shown to be in this honorable court, for the granting of the prayer thereof; neither are any grounds upon which said court can find said jurisdiction therein set forth. And also for that the said libel is in other respects uncertain, informal and insufficient."

*Mattocks & Fox*, for the libellee.

A demurrer will lie to a libel for divorce. *Mix* v. *Mix*, 1 Johns. Ch., 108; *Rose* v. *Rose*, 11 Paige Ch., 166; *Vance v. Vance*, 17 Maine, 203. Lack of particularity of statement can thus be taken advantage of. *Hill* v. *Hill*, 10 Ala., 527. The name of the "lewd woman" should have been given. *Church* v. *Church*, 3 Mass., 157; *Choate* v. *Choate*, Id., 391; *Richards* v. *Richards*, Wright, 302; *Miller* v. *Miller*, 20 N. Y. Eq., 226. Also the time and place of the commission of each offence. 2 Bish., Mar. & Div., § 654; *Tourtelot* v. *Tourtelot*, 4 Mass., 506; *Farr* v. *Farr*, 34 Miss., 597. There must be an allegation of a lawful marriage. *Leighton* v. *Leighton*, 14 Jur., 318. And a statement where it took place. *Greenlaw* v. *Greenlaw*, 12 N. H., 200. No averment that the ceremony was performed by a person authorized thereto. Counsel also cited *Adams* v. *Adams*, 16 Pick., 254; *Klein* v. *Klein*, 11 Abbott's Pr., (N. S.), 450; *Wilson* v. *Wilson*, 2 Dev. & Bat., 377.

*W. H. Vinton*, for the libellant.

DICKERSON, J. Where the allegations in a libel for divorce are sufficient to give the court jurisdiction of the case, and to grant a divorce under its discretionary powers, the libellee cannot avail himself of merely circumstantial omissions to defeat the libel by demurrer.

If, in such case, the libellee desires greater particularity of statement he should move the court at *nisi prius* to order the libellant to furnish it. *Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and PETERS, JJ., concurred.